UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Quashaun M. Lucas,<br>   Plaintiff,<br><br>  v.<br><br>M.C. Dean, Inc. and HardHat Workforce Solutions, LLC,<br>   Defendants. | CASE NO.: 2:26-cv-1040-RMG-MGB<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

  The Plaintiff complaining of the Defendants would show unto this Honorable Court as follows:

### JURISDICTION AND PARTIES

 1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.*, sexual harassment and for racial discrimination under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964.

 2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

  a. A charge of employment discrimination on basis of sexual harassment, racial discrimination, and retaliation was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

  b. Notification of the Right to Sue was received from the EEOC on or about December 18, 2025.

  c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

 3. Plaintiff, Quashaun M. Lucas, is a citizen and resident of the State of South Carolina, and resides in Charleston County, South Carolina.

 4. All discriminatory employment practices alleged herein were committed within the County of Berkeley, State of South Carolina.

 5. The Defendant, M.C. Dean, Inc., is upon information and belief, a foreign corporation organized in the State of Virginia and operating under the laws of the State of South Carolina.

6. The Defendant, HardHat Workforce Solutions, LLC, is upon information and belief, a foreign corporation organized in the State of North Carolina and operating under the laws of the State of South Carolina.

7. Defendants are a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendants are an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. Defendants employ fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

10. Defendant HardHat employed the Plaintiff providing pay, benefits, leave, supervision, Human Resources Support, and having the ability to terminate the Plaintiff. Defendant M.C. Dean also employed the Plaintiff as a "joint employer" providing direct supervision of the Plaintiff, training on how to perform his job functions, providing all tools and machinery necessary to perform his job functions, and having the ability to effectuate the termination of the Plaintiff.

11. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

12. In or around November 2018, Plaintiff began working for Defendant HardHat. In or around July 2024, Plaintiff was placed at Defendant M.C. Dean as a temporary employee by Defendant HardHat. At all times, Plaintiff was effective and efficient in his employment.

13. During Plaintiff's employment, Plaintiff was subjected to inappropriate sexual advances, comments and gestures by one of Defendant M.C. Dean's supervisors, Johanna Chaurezma, which began immediately following being placed on her team on August 27, 2024.

14. Ms. Chaurezma took a liking to Plaintiff from the beginning, she would constantly call Plaintiff "handsome," "cute," and "sexy chocolate." Upon Plaintiff's rejection of her advances and after reportioning them, Ms. Chaurezma would also call Plaintiff "faggot" and "cocksucker" in Spanish.

15. Ms. Chaurezma would also make comments stating she does not like black people like Plaintiff because they are lazy.

16. Plaintiff would ask her to stop because it was racist and discriminating, but she did not stop.

17. One day, he was moving fast and the harness pulled his pants down some so his underwear was showing, and Ms. Chaurezma started making sexual comments about Plaintiff's underwear.

18. In or around the end of December 2024, around lunch, Ms. Chaurezma wanted to take a picture with the Plaintiff, so she threw her leg and arms around Plaintiff. The Plaintiff still feeling harassed went to Defendant M.C. Dean's Safety, Heath, but nothing was done.

19. Other co-workers began mentioning to Plaintiff that Ms. Chaurezma's behavior was inappropriate.

20. The Plaintiff also reported the sexual harassment by Ms. Chaurezma to Defendant HardHat, but nothing was done.

21. After the complaints, Plaintiff was forced to continue to work with Ms. Chaurezma wherein the harassment and inappropriate behavior continued, thereby creating a hostile work environment.

22. On or about January 28, 2025, Plaintiff was terminated, due to his reports of sexual harassment and racial discrimination.

23. It was the duty of Defendants, by and through their agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

24. Despite him reporting the behavior, Defendants did not take appropriate action to resolve the problems and disciplined the Plaintiff for Ms. Chaurezma's inappropriate behavior upon him.

25. That the unjust disciplinary actions and termination of Plaintiff with Defendant was the response by Defendants, their agents and servants, to Plaintiff's reports and complaints of lewd and inappropriate behavior of Ms. Chaurezma including sexual harassment and racial discrimination.

26. That the aforesaid conduct of Defendants, their agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature, created a hostile work environment and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

27. As a direct and proximate result of the acts and practices of Defendants in retaliating against Plaintiff, creating a hostile work environment and in the wrongful termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

**FOR A FIRST CAUSE OF ACTION**
**Sexual Harassment - Title VII of the Civil Rights Act of 1964**

28. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

29. The Defendants as Plaintiff and Ms. Chuarezma's employer, were wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

    a. In visual, physical, and verbal contact by sexual advances and gestures that were initiated, maintained, and repeated after being informed by the Plaintiff that the contact was unwanted;

    b. In continually allowing Ms. Chuarezma to maintain her presence near the Plaintiff while at work in an uncomfortable and inappropriate manner.

    c. In refusing to remove the Plaintiff from the hostile work environment and sexual harassment.

30. That by reason of the aforesaid recklessness, willfulness and wantonness of Defendants, Plaintiff has suffered injuries, both physically and mentally.

31. As a direct and proximate result of the acts and practices of Defendants in the wrongful termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## FOR A SECOND CAUSE OF ACTION
### Racial Discrimination - Title VII of Civil Rights Act of 1964

32. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

33. The Plaintiff is a member of a protected group on the basis of his race. The Plaintiff was terminated based on him being an African American person in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act.

34. The Defendants stated reasons for preferential treatment and wrongful termination were mere pretext for the discrimination against Plaintiff based on him being an African American man.

35. The Defendants were wanton, reckless and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a. In failing to continue to employ Plaintiff due to his race or color;

    b. In showing preferential treatment by treating other non-African American with more favorable treatment; and

    c. In demonstrating a pattern of discriminatory treatment towards African American by making disparaging remarks to those who were in a protected class.

36. In failing to protect the Plaintiff from racial discrimination or preferential treatment, the Defendants acted with malice or reckless indifference to the federally protected rights set out under

Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and the Equal Employment Opportunity Act.

37. The Defendants violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the racial discrimination and preferential treatment to exist in the workplace.

38. The Plaintiff's race and color were determining factors in the disparate treatment and wrongful termination of the Plaintiff. But for the Plaintiff's race and color, he would not have been terminated.

39. As a direct and proximate result of the Defendants' discrimination on the basis of race and color, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

40. The Defendants' discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

41. Due to the acts of the Defendants, their agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## **FOR A THIRD CAUSE OF ACTION**
### **Retaliation**

42. The Plaintiff repeats and reiterates the foregoing allegations as if repeated verbatim herein.

43. As alleged above, Plaintiff satisfactorily performed his essential and fundamental job functions and was an exemplary employee in all respects. Upon reporting the detrimental treatment and discrimination based on reporting the sexual harassment, Plaintiff was terminated from his position in retaliation for asserting his rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

44. That the aforesaid conduct of Defendants, their agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

45. Plaintiff is entitled to injunctive relief and/or civil damages from Defendants as a result of Defendants' retaliation as alleged above.

46. That the aforesaid conduct of Defendants, their agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature.

47. Due to the acts of Defendants, their agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## **REQUEST FOR RELIEF**

48. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

49. Due to the acts of the Defendants, Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

50. That by reason of such wrongful acts of the Defendants, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendants for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendants with back pay and associated benefits he would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendants for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendants in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

s/*Dominic M. Nation*
Dominic M. Nation (Fed. I.D. #14290)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
March 11, 2026